IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ aka CONSTANTINO CUARA R., <br><br> Plaintiff, <br><br> v. <br><br> ROCKY MOUNTAIN POWER, et al., <br><br> Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case Nos. <br> 2:23-cv-00438-RJS-JCB <br> 2:23-cv-00451-RJS-JCB <br> 2:23-cv-00452-RJS-JCB <br> 2:23-cv-00453-RJS-JCB <br> 2:23-cv-00454-RJS-JCB <br> 2:23-cv-00524-RJS-JCB <br> 2:23-cv-00542-RJS-JCB <br> 2:23-cv-00543-RJS-JCB <br> 2:23-cv-00544-RJS-JCB <br> 2:23-cv-00545-RJS-JCB <br> 2:23-cv-00546-RJS-JCB <br> 2:23-cv-00547-RJS-JCB <br> 2:23-cv-00563-RJS-JCB <br> 2:23-cv-00564-RJS-JCB <br> 2:23-cv-00565-RJS-JCB <br> 2:23-cv-00566-RJS-JCB <br> 2:23-cv-00567-RJS-JCB <br> 2:23-cv-00568-RJS-JCB <br> 2:23-cv-00572-RJS-JCB <br> 2:23-cv-00573-RJS-JCB <br> 2:23-cv-00574-RJS-JCB <br> 2:23-cv-00575-RJS-JCB <br> 2:23-cv-00576-RJS-JCB <br> 2:23-cv-00579-RJS-JCB <br> 2:23-cv-00581-RJS-JCB <br> 2:23-cv-00582-RJS-JCB <br> 2:23-cv-00583-RJS-JCB <br> 2:23-cv-00585-RJS-JCB <br> 2:23-cv-00586-RJS-JCB <br> 2:23-cv-00596-RJS-JCB <br> 2:23-cv-00604-RJS-JCB <br> 2:23-cv-00607-RJS-JCB <br> 2:23-cv-00608-RJS-JCB <br> 2:23-cv-00609-RJS-JCB <br> 2:23-cv-00621-RJS-JCB <br> 2:23-cv-00636-RJS-JCB <br> 2:23-cv-00637-RJS-JCB |

|   |   |
|---|---|
|   | 2:23-cv-00638-RJS-JCB<br>2:23-cv-00639-RJS-JCB<br>2:23-cv-00640-RJS-JCB<br>2:23-cv-00641-RJS-JCB<br>2:23-cv-00648-RJS-JCB<br>2:23-cv-00649-RJS-JCB<br>2:23-cv-00650-RJS-JCB<br>2:23-cv-00651-RJS-JCB<br>2:23-cv-00667-RJS-JCB<br>2:23-cv-00668-RJS-JCB<br>2:23-cv-00669-RJS-JCB<br>2:23-cv-00670-RJS-JCB<br>2:23-cv-00692-RJS-JCB<br>2:23-cv-00693-RJS-JCB<br>2:23-cv-00694-RJS-JCB<br>2:23-cv-00709-RJS-JCB<br>2:23-cv-00710-RJS-JCB<br>2:23-cv-00711-RJS-JCB<br>2:23-cv-00712-RJS-JCB<br>2:23-cv-00760-RJS-JCB<br>2:23-cv-00761-RJS-JCB<br>2:23-cv-00762-RJS-JCB<br>2:23-cv-00763-RJS-JCB<br>2:23-cv-00764-RJS-JCB<br>2:23-cv-00815-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is the Report and Recommendation[1] issued by Magistrate Judge Jared C. Bennett on June 21, 2024 in the above captioned cases.[2] The Report recommends (1) Plaintiff Cuara Rodriguez's pending motions to proceed in forma pauperis (IFP) be denied and his IFP status be revoked in the above captioned cases in which he has been permitted to proceed IFP;

---

[1] *See, e.g.,* Dkt. 8, *Report and Recommendation* in Case No. 2:23-cv-00438-RJS-JCB.

[2] Proceeding pro se, Cuara Rodriguez named numerous defendants in each of the above captioned cases, including religious organizations, private business entities, and federal and state governmental entities. For ease of reference in the caption, the court includes only the first defendant named in the first pending case but identifies each case number in which Judge Bennett's Report and Recommendation is filed.

2

(2) the above captioned cases be dismissed with prejudice under 28 U.S.C. § 1915(e)(2); and (3) Cuara Rodriguez be designated as a restricted filer in this district.[3] The Report addresses 62 complaints Cuara Rodriguez filed in this District between July 2, 2023 and November 7, 2023.[4] The complaints name different Defendants, but all raise substantially the same indecipherable and frivolous allegations.[5]

In the Report, Judge Bennett notified the parties of their right under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2) to file any objections to the Report within 14 days of being served with a copy of it.[6] He cautioned that "[f]ailure to object may constitute waiver of objections upon subsequent review."[7]

More than 14 days have now elapsed and no party has filed an objection to the Report. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[8] This court reviews for clear error any report and recommendation to which no objections have been raised.[9]

Having carefully considered the Report, the court determines Judge Bennett's analysis and conclusions are sound. The court finds no clear error and the Report is adopted in full.

---

[3] *Report and Recommendation* at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 24.

[7] *Id.*

[8] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[9] *See, e.g., Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**ORDER**

It is hereby ORDERED that the Report and Recommendation in each of the above captioned cases is ADOPTED.  As recommended in the Report, Cuara Rodriguez's pending IFP motions are DENIED and his IFP status is REVOKED in the above captioned cases in which he has been permitted to proceed IFP.  Because "it is obvious that [Cuara Rodriguez] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend,"[10] each of the complaints in the above captioned cases are DISMISSED WITH PREJUDICE pursuant to the IFP Statute, 28 U.S.C. § 1915(e)(2)(B).[11]  Additionally, the court agrees with Judge Bennett's recommendation that Cuara Rodriguez be designated as a restricted filer in this District because of his abuse of the judicial process.  Cuara Rodriguez is enjoined from initiating future cases in this District unless he is either represented by a licensed attorney admitted to practice in this district or obtains court permission in accordance with the requirements outlined in the Report to proceed pro se.[12]

The Clerk of Court is directed to close the above captioned cases.

SO ORDERED this 8th day of July 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[10] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[11] The IFP Statute requires the court to "dismiss the case at any time if the court determines that," among other things, "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[12] *Report and Recommendation* at 18–20.